■Manly, J.
 

 The administration of the fund provided by the public authorities for the support of the poor, is committed, in North Carolina, to a court of wardens. By reference to the chapter of the Revised Code, upon the subject, it will be perceived that the court is invested with a large discretion in the application of the fund. Thus, the objects of the public bounty, the periods of enjoyment, the several amounts to be allotted, the manner of their application — whether by means of public institutions, or directly to the needy in their respective homes, are all matters left to the discretion of the wardens, and with the exercise of this discretion, no court has a right to interfere. The wardens are authorised to appoint a
 
 *92
 
 secretary and treasurer; they are required to keep a record of proceedings and accounts of receipts and disbursements, and to publish the same annually, and are triennially subject to be deposed by the appointing power. These are the only safe-guards the law has thought proper to provide for the effective and equitable distribution of the public charity; and the courts are not allowed to interpose by way of mandamus in aid of these checks, and by dictation secure what may be supposed a more equitable and efficient application. We think, therefore, the court of wardens, after the passage of the order of the 8th of December, 1850, had a right to repeal it at any time without giving legal cause of complaint-to the pauper; subject, nevertheless, to the rights of third parties, with whom contracts may have been made under the order in question. The point, then, upon which this petition turns, is whether there was any unfulfilled contract on the part of the wardens with the petitioner, Edwards, in relation to the support of Lucy Adcock. Under the order of December, 1850, it seems from the facts transmitted to the tkrnrt, that an agreement was made between the wardens and the petitioner “
 
 that he should furnish his
 
 sister,
 
 Luey Adcoeh, with
 
 provisions,.
 
 and the wardens would pay the allowance of
 
 $75
 
 to
 
 him,
 
 one-half in June?
 
 The wardens paid $37.50 for the first half year; but in the mean time, having repealed the order, they refused to pay for the other half year; and the question is whether the words of the agreement constitute a contract between the wardens and the petitioner for the entire year’s provision. We think no such engagement is to be inferred from the words. It is in substance a promise, merely, to pay at the end of six months $37.50 for provisions furnished to the woman in the mean time, and does not amount to a pledge of its continuance beyond that term. It seems to have been the purpose of the wardens to prevent a wasteful consumption of the means set apart for the woman’s use, and hence they stipulate that the provisions shall be paid for semi-annually, and by consequence, as we think, furnished in semiannual instalments. The purchase of the whole year’s provi
 
 *93
 
 sion by Edwards, and furnishing them at once was a misinterpretation of the engagement, and a misconception of the obligations and rights. The order of the court of wardens is for a semi-annual allowance to Lucy Adcock of $37.50. This the wardens could repeal at any time in the exercise of their discretion. But any contract made with petitioner Edwards, for laying out and applying this amount, could not be set aside or repealed; but might be enforced by the writ of mandamus. The extent of the contract between them, as we interpret it, is to make to Edwards half yearly payments of $37.50 for provisions furnished for the sister. As there is no stipulation for its continuance through any particular period of time, it is a contract which either might discontinue at his option, at the end of the half year.
 

 The contract thus interpreted, has been fulfilled by the wardens, and
 
 therefore, the writ of
 
 mandamus is refused. It is a writ extensively and stringently remedial, and ought not to be resorted to in light, trivial, or dubious cases.
 

 Motion for a peremptory mandamus overruled with costs against the petitioner.
 

 Per Curiam,
 

 Judgment affirmed.